CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2013

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER LEE HOWARD, JR., | Civil Action No. 7:12cv00452 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| SEMCO DUCT AND ACOUSTICAL PRODUCTS, INC., | |
| Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Roger Lee Howard, Jr. brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), alleging that the defendant, Semco Duct and Acoustical Products, Inc. ("Semco"), subjected him to a hostile working environment. According to Howard, his supervisor at Semco routinely used all manner of patently offensive language around Semco employees. Semco has moved for summary judgment on four grounds: Howard did not exhaust his administrative remedies because he did not verify his EEOC charge; Howard's EEOC charge described a single incident and not the broad pattern of conduct he alleges here; Howard has not established a prima facie case of a hostile working environment based on the single incident in his EEOC charge; and the Faragher-Ellerth[1] affirmative defense insulates Semco from liability. Because the court finds that Howard's EEOC charge limits the scope of this action, the court grants partial summary judgment in that narrow respect. However, the court rejects or finds triable questions of fact on the remainder of Semco's arguments. Accordingly, the court denies the balance of Semco's motion for summary judgment.

---

[1] See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

**I.**

Semco manufactures ventilation units, ductwork, and similar goods. Howard started working at Semco's Roanoke manufacturing plant in 2010. The shop floor at the Roanoke plant was staffed entirely by male employees, all or nearly all of whom (including Howard) engaged in "foul language, horseplay, and off-color badgering." Semco Mot. Summ. J. 5, ECF No. 43. According to Howard, on June 12, 2012, Howard's supervisor asked Howard if he could "f*** [Howard] in the ass." EEOC Filings 10, ECF No. 43-2. Offended, Howard first complained to Semco management in Roanoke. Next, Howard tried to lodge a complaint with Semco's human resources department at the company's Missouri headquarters, but nobody answered Howard's four phone calls. Finally, Howard sent his wife, Malek, to Richmond to file an EEOC charge on his behalf.[2] An EEOC clerk told Malek that she could file a charge on Howard's behalf if Howard faxed the EEOC a letter giving her permission to do so. Howard faxed a permission letter to the EEOC, Malek filled out and signed the charge "under penalty of perjury,"[3] and the clerk stamped it "received" on June 28, 2012. On July 3, the EEOC dismissed the charge and sent Howard a Notice of Rights. Howard then filed this action for damages, injunctive relief, and equitable relief. He has since resigned from Semco.

**II.**

Semco argues that Howard did not exhaust his administrative remedies because Howard's wife, and not Howard himself, signed his EEOC charge under penalty of perjury. Finding no authority for the proposition that Howard's wife could not file a verified EEOC

---

[2] According to Howard, he sent his wife because he "was working at the time and due to time constraints." Howard Dep. 16, ECF No. 43-1.

[3] The charge in this case was an EEOC Form 5.

2

charge on his behalf, the court finds no basis for granting Semco's motion for summary judgment on that ground.[4]

"Before filing suit under Title VII, a plaintiff must exhaust h[is] administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge must "be in writing under oath or affirmation"—an absolutely mandatory requirement in the Fourth Circuit. 42 U.S.C. § 2000e-5(b); EEOC v. Appalachian Power Co., 568 F.2d 354, 355 (4th Cir. 1978); see also 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). A charge is "verified" when it is "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3(a). The very same statute that sets forth the "oath or affirmation" requirement, § 2000e-5(b), also explains that a charge may be filed "by *or on behalf of* a person claiming to be aggrieved." § 2000e-5(b) (emphasis added); see also 29 C.F.R. § 1601.7(a) ("A charge that any person has engaged in or is engaging in an unlawful employment practice within the meaning of title VII . . . may be made by or on behalf of any person claiming to be aggrieved.").

In this case, it is undisputed that Howard's wife, and not Howard, verified his charge by signing it under penalty of perjury. But in Semco's reading of the rules, that verification is insufficient because the plaintiff himself must actually verify the charge. Although there is substantial authority for the proposition that a charge must in fact be verified, the court can find no authority for the proposition that a charge, though verified, is a nullity unless the plaintiff

---

[4] Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

personally does so. Semco cites to an unpublished Eleventh Circuit case in support of its argument: Fry v. Muscogee County School District, 150 F. App'x 980 (11th Cir. 2005). In Fry, the plaintiff's attorney signed the plaintiff's EEOC charge "Patricia Fry w/permission MTM." The Eleventh Circuit held that the plaintiff's EEOC charge was not verified, and therefore that the plaintiff could not maintain her lawsuit. But in Fry, *unlike here*, the party who filed the charge did not sign it "under penalty of perjury" or by any other means sufficient for verification. See Mot. Summ. J. at 3, 9 Fry v. Muscogee Cnty. Sch. Dist., 4:01cv00026 (M.D. Ga. 2003). In other words, *nobody* verified the EEOC charge in Fry.[5]

In the absence of precedent or even persuasive authority, the court is constrained to read the applicable statute and accompanying regulations plainly. Together, they establish nothing more than (1) the aggrieved party or someone acting on his behalf must file a charge with the EEOC before bringing suit, and (2) the charge must be verified. See Buck v. Hampton Twp. Sch. Dist., 452, F3d 256, 261 n.4 (3d Cir. 2006) (noting that an invalid charge, which the plaintiff's attorney had filed on the plaintiff's behalf, could have been valid had the attorney actually verified it). Here, Howard's wife filed a charge on his behalf, and she verified the charge by signing it under penalty of perjury. Accordingly, the court denies Semco's motion for summary judgment on that issue.[6]

---

[5] The Eleventh Circuit reached the same result in Butler v. Greif, Inc., 325 F. App'x 748 (11th Cir. 2009) (holding that an attorney's signature on the plaintiff's EEOC charge did not satisfy the verification requirement), but the EEOC charge in that case suffered from the same fatal defect as in Fry—it was not verified at all. See Ex. 2 to Mot. Summ. J. Butler v. Greif, Inc., 1:07cv01978 (N.D. Ga. 2008).

[6] The court notes that the purpose of the verification requirement is to prevent employers from being forced to respond to frivolous charges. See Balazs v. Liebenthal, 32 F.3d 151, 157 (4th Cir. 1994) ("[T]he purpose of verification is to protect the employer from having to respond to frivolous charges."). There is no indication here that Howard's charge to the EEOC was frivolous.

4

## III.

According to Howard's complaint, his supervisor referred to other Semco employees as "bitches," told stories about his son's penis, grabbed his crotch, told Howard to fellate him, and engaged in other highly offensive and sexualized behavior. Semco argues that Howard cannot base his lawsuit on a broad pattern of misconduct when his EEOC charge included only one discrete act and no hint of any larger problem or broader pattern. The court agrees and grants partial summary judgment on that narrow issue.

"[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge." Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). For instance, a claim will "typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits. Id. More pertinent to this case, "the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." Id.

Here, Howard confined his EEOC charge to a discrete act, but has grounded his lawsuit on a broad pattern of conduct. Howard's charge, his intake questionnaire, and the four-page letter he filed with the EEOC in support of his charge complain of one event: his supervisor's comment on June 12, 2012. No part of Howard's EEOC filings gives any hint of some broader pattern of workplace misconduct or that Howard thought any other conduct was unlawful or inappropriate. In fact, Howard himself testified during his deposition that when he filed his charge, he did not think that prior incidents at Semco were related to his supervisor's statement. Accordingly, the court grants partial summary judgment on that narrow issue.

## IV.

In Semco's view, based on the June 12, 2012, comment from Howard's supervisor, Howard has not established three elements of his prima facie case of a hostile working environment. Semco argues that Howard has not established that the comment was unwelcome, that it was because of Howard's sex, or that the isolated incident was sufficiently severe to alter the conditions of Howard's employment. On each of those elements, the court finds a genuine dispute for a jury and therefore denies Semco's motion for summary judgment.

Because "an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." EEOC v. R & R Ventures, 244 F.3d 334, 338 (4th Cir. 2001). To establish a hostile working environment based on sex, a plaintiff-employee "must show that the offending conduct (1) was unwelcome, (2) was because of [his] sex, (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment, and (4) was imputable to [his] employer." Hoyle v. Freightliner, LLC, 650 F.3d 321, 331 (4th Cir. 2011).

An "employee is harassed or otherwise discriminated against 'because of' his or her gender if, 'but for' the employee's gender, he or she would not have been the victim of the discrimination." Id. (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 242 (4th Cir. 2000)); see also Jennings v. Univ. of N.C., 482 F.3d 686, 695–96 (4th Cir. 2007) (explaining that the question is for a jury). As a general rule, an isolated incident is not sufficiently severe or pervasive to alter the conditions of employment, but "extremely serious" isolated incidents may suffice. See Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998). Regardless, the severe-and-pervasive element is "quintessentially a question of fact" because it is measured both

from the plaintiff's point of view, and from the perspective of "a reasonable person in the plaintiff's position, considering 'all the circumstances.'" Id.

Here, Semco argues that Howard has not established that the comment was unwelcome, that it was because of Howard's sex, or that the isolated event was sufficiently severe to alter the conditions of his employment. Viewing the record in the light most favorable to Howard, the court discerns genuine disputes on all three prongs. In short, a reasonable jury could find that this sort of vulgar sexual proposition, coming from his immediate, day-to-day supervisor, was unwelcome, sufficiently severe even in isolation, and because of Howard's sex. Accordingly, the court denies Semco's motion for summary judgment on this ground.

## V.

Semco claims that it is entitled to the benefit of the Faragher-Ellerth affirmative defense. The court finds that questions of fact forestall the defense at this stage of the proceedings.

While "an employer is directly liable for an employee's unlawful harassment if the employer was negligent with respect to the offensive behavior," "different rules apply" when the harassment originates with a supervisor. Vance v. Ball State Univ., ---S. Ct.---, 2013 WL 3155228, at *5 (2013). The first of those rules is that an employer is strictly liable for the harassment of a supervisor "when [the] supervisor takes a tangible employment action." Id. (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 762 (1998)). The second rule is that harassment *not* culminating in a tangible employment action allows the employer to "mitigate or avoid liability by showing (1) that it exercised reasonable care to prevent and promptly correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided." Id. at *6 (citing Faragher v. City of

Boca Raton, 524 U.S. 775, 807 (1998)). That is, the employer can assert the Faragher-Ellerth affirmative defense.

"Under Ellerth and Faragher, it is obviously important whether an alleged harasser is a 'supervisor' or merely a co-worker . . . ." Id. at *7. An employee is a "supervisor" if he is empowered "to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Id. (quoting Ellerth, 524 U.S. at 761).

On this issue, the record is rife with questions of fact. The record does not conclusively demonstrate whether Howard's supervisor was a "supervisor" as Vance defines that term; whether the alleged harassment culminated in a tangible employment action; whether Semco exercised reasonable care to prevent and promptly correct any harassing behavior; or whether Howard unreasonably failed to take advantage of any preventive or corrective opportunities that Semco provided. Accordingly, the court denies Semco's motion for summary judgment on the Faragher-Ellerth affirmative defense.

## VI.

For the reasons stated, the court partially grants Semco's motion for summary judgment and denies the balance of the motion.[7]

**ENTER:** August 16, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[7] Given the court's resolution of the issues, the court denies as moot Howard's pending motions to strike.